UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

JACKIE DARRELL ERVIN, )
 )
    Plaintiff, )
 )
v. ) No.: 4:24-CV-46-KAC-SKL
 )
BRANDON BARNES, et al., )
 )
    Defendants. )

## MEMORANDUM AND ORDER
## DISMISSING ACTION

On August 13, 2024, this Court entered an Order requiring Plaintiff to show cause within fourteen (14) days why the Court should not dismiss this action under Federal Rule of Civil Procedure 41(b) and Local Rule 83.13 for failure to "notify the Clerk of a change in his address and . . . comply with the Court's Local Rules" [Doc. 13 at 1-2]. The Court warned that "[f]ailure to timely respond will result in dismissal of this action" [*Id.* at 2 (citations omitted)]. More than fourteen (14) days have passed since the Court entered that Order, and Plaintiff has not responded.

Under Rule 41(b), the Court may dismiss an action where a plaintiff fails "to prosecute or to comply with these rules or a court order[.]" *See* Fed. R. Civ. P. 41(b); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to . . . comply with the Rules or any order of the court"). Rule 41(b) "is available to the district court as a tool to effect management of its docket and" to avoid "unnecessary burdens on the tax-supported courts[.]" *Knoll v. AT&T Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation and internal quotation marks omitted). When considering dismissal of an action under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal].

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). Local Rule 83.13 also provides that "[i]t is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address." E.D. Tenn. L.R. 83.13. That notification "must be accomplished by filing a Notice with the Clerk . . . within 14 days of the change of address." *Id.*

Applying these rules here compels the Court to dismiss this action. Plaintiff has willfully failed to comply with the Court's August 13 Order and Local Rule 83.13. Despite the Court's express warning that a failure to comply will result in dismissal of this action, Plaintiff has failed to timely respond. And the Court cannot reasonably reach Plaintiff. As such, dismissal is the appropriate sanction. Any lesser sanction would permit this case to languish on the Court's docket without any path forward. *See Knoll*, 176 F.3d at 363. "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's clear Order.

Accordingly, the Court **DISMISSES** this action with prejudice under Federal Rule of Civil Procedure 41(b) and Local Rule 83.13. *See Rodriguez*, 62 F.4th at 277; *see also* E.D. Tenn. L.R. 83.13. Because Plaintiff failed to properly support his *in forma pauperis* Motion with a certified copy of his inmate trust account statement for the six (6) months preceding his Complaint, *see* 28

U.S.C. § 1915(a)(2), the Court is unable to judge the merits of that Motion [Doc. 2]. Therefore, the Court **ASSESSES** Plaintiff the $405 filing fee. Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See id.*

**SO ORDERED. AN APPROPRIATE JUDGMENT SHALL ENTER.**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge